IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KORDALE COTTON,<br># Y-13092, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   Case No. 17-cv-00033-SMY<br>) |
| DR. LARSON,<br>GANG GERST, and<br>BIG MUDDY RIVER<br>CORRECTIONAL CENTER, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Kordale Cotton, an inmate who is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this civil rights action for deprivations of his constitutional rights at Big Muddy pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleges that he has been denied medical care for sickle cell anemia and/or a "possible osteo[i]d osteoma" in his right finger. (Doc. 1, p. 5). The prison's medical staff will not treat these conditions because Plaintiff is scheduled for release in February 2017. *Id*. Plaintiff claims that the denial of medical care violates his rights under the Eighth Amendment. *Id*. His only request for relief is "to bring [his] case to court and let a jury decide [who] is write (sic) or wrong." (Doc. 1, p. 6).

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in
> any event, as soon as practicable after docketing, a complaint in a civil action in

1

> which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint is subject to dismissal for failure to state a claim for relief under this standard.

## The Complaint

According to the Complaint, Plaintiff suffers from sickle cell anemia. (Doc. 1, p. 5). He was also diagnosed with a "possible osteo[i]d osteoma," *i.e.*, a benign tumor, in his right finger. *Id*. Since November 29, 2016, he has requested medical care for one or both conditions. *Id*. However, as of December 30, 2016, Plaintiff had received none. *Id*. He maintains that all treatment for these conditions has been suspended because of his impending release from prison in February 2017. *Id*.

Plaintiff has allegedly filed grievances to complain about this denial of medical care. (Doc. 1, p. 5). He submitted grievances to officials at Big Muddy and to officials in Springfield, Illinois. *Id*. However, he has obtained no relief to date. *Id*.

Plaintiff claims that the denial of medical care amounts to deliberate indifference to his medical needs in violation of the Eighth Amendment. (Doc. 1, p. 5). In connection with this claim, Plaintiff names the following defendants: Big Muddy, Doctor Larson (prison physician), and Gang Gerst (physicians' assistant). (Doc. 1, pp. 1-2).

## Merits Review Under 28 U.S.C. § 1915A

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claims in Plaintiff's *pro se* Complaint into the following enumerated counts:

**Count 1 -** Eighth Amendment claim against Defendants for denying Plaintiff medical care for sickle cell anemia at Big Muddy in 2016.

**Count 2 -** Eighth Amendment claim against Defendants for denying Plaintiff medical care for a possible osteoid osteoma in his right finger at Big Muddy in 2016.

The parties and the Court will continue using these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

After carefully considering the allegations, the Court finds that the Complaint fails to articulate a viable Eighth Amendment claim against the defendants in Counts 1 or 2. Both claims shall be dismissed. However, Plaintiff will be granted leave to amend his Complaint in order to re-plead his claims, according to the deadline and instructions for doing so below.

## Discussion

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.

3

*Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). In order to state an Eighth Amendment claim based on the denial of medical care, a plaintiff must show that (1) he suffers from a serious medical need (*i.e.*, an objective standard), and (2) state officials acted with deliberate indifference to his medical needs (*i.e.*, a subjective standard). *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). The Complaint fails to satisfy these requirements for either claim.

The Court is unable to determine whether Plaintiff's medical needs satisfy the objective standard. The Complaint alludes to two medical conditions, including sickle cell anemia[1] and a "possible" osteoid osteoma.[2] However, Plaintiff offers no description of either condition, complains of no symptoms, and points to no medical need arising from either condition. Moreover, Plaintiff does not indicate *which* of these medical conditions gave rise to his request for medical care at Big Muddy. The Court is unable to discern whether he requested treatment for his sickle cell anemia, his "possible" osteoid osteoma, or both. He includes no exhibits that assist the Court in making this determination, such as copies of sick call requests or grievances. Under the circumstances, the Complaint does not suggest that Plaintiff suffered from an objectively serious medical need sufficient to support a claim under Counts 1 or 2.

The Complaint also contains no allegations suggesting that the defendants responded to Plaintiff's serious medical needs with deliberate indifference. This is shown when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts

---

[1] Sickle cell anemia "is a disease in which your body produces abnormally shaped red blood cells. . . . They don't last as long as normal, round red blood cells. This leads to anemia. The sickle cells also get stuck in blood vessels, blocking blood flow. This can cause pain and organ damage." *See George v. Cook*, No 15-CV-186-TLS, 2015 WL 2227789, n.1 (N.D. Ind. 2015) (quoting Medline Plus, U.S. National Library of Medicine, National Institutes of Health (May 11, 2015), http://vsearch.nlm.nih.gov).
[2] An osteoid osteoma is "the third most common benign neoplasm of bone. . . . In most cases, the patients report inflammatory-like pain that worsens at night and is alleviated with the use of nonsteroidal anti-inflammatory drugs." *See* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4567355/.

from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834). However, the three defendants who are listed in the case caption are not even mentioned in the statement of Plaintiff's claim. Given the absence of any allegations against them, it is not possible to tell whether these defendants knew of and disregarded any of Plaintiff's medical complaints. *See also Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

To be held individually liable, a defendant must instead "be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012). In other words, Plaintiff must allege that each defendant "caused or participated in an alleged constitutional deprivation." *Kuhn*, 678 F.3d at 556 (quoting *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). *See also Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997) ("[P]ersonal involvement is a prerequisite for individual liability in a § 1983 action."). Plaintiff's Complaint includes no allegations suggesting that any particular defendant was involved in the decision to deny him medical care. Without any allegations to this effect, the Court finds no basis for allowing Plaintiff to proceed with a deliberate indifference claim against the defendants.

Further, Plaintiff cannot maintain a suit for money damages against Big Muddy River Correctional Center, which is a division of the Illinois Department of Corrections, because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State*

*Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment bars suits against states in federal court for money damages.  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). Big Muddy is not a "person" within the meaning of the Civil Rights Act and is not subject to a § 1983 suit for money damages.  *See Will*, 491 U.S. at 71.

Finally, Plaintiff's request for relief also runs afoul of the Federal Rules of Civil Procedure.  Rule 8(a)(3) requires "[a] pleading that states a claim for relief [to] contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  *See* FED. R. CIV. P. 8(a)(3).  Typically, Plaintiffs pursuing a claim under § 1983 request monetary damages or injunctive relief.  *See id*.  If necessary, Plaintiff may also file a separate motion seeking more immediate relief, in the form of a temporary restraining order or preliminary injunction.  FED. R. CIV. P. 65(a)-(b).  Plaintiff seeks only a jury trial.  (Doc. 1, p. 6).

Given the numerous deficiencies described herein, the Court deems it appropriate to dismiss the Complaint for failure to state a claim upon which relief may be granted.  However, the dismissal shall be without prejudice, and Plaintiff will be granted leave to file a "First Amended Complaint" according to the below instructions.

**<u>Pending Motion</u>**

Plaintiff has filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 3), which will be addressed in a separate court order.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. This includes **COUNTS 1** and **2**, which are **DISMISSED** without prejudice against Defendants **DR. LARSON** and **GANG GERST** and with prejudice against Defendant **BIG MUDDY RIVER CORRECTIONAL CENTER**.

**IT IS FURTHER ORDERED** that Defendant **BIG MUDDY RIVER CORRECTIONAL CENTER** is **DISMISSED** with prejudice from this action; the Clerk is **DIRECTED** to **TERMINATE** this defendant as a party in CM/ECF.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" **on or before March 6, 2017.** Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case will be dismissed with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Further, the Court will assess a "strike" against Plaintiff. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 17-cv-00033-SMY). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. He should *include only related*

*claims* in his First Amended Complaint.  Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.  To enable Plaintiff to comply with this order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original Complaint, rendering the original Complaint void.  *See Flannery v. Recording Industry Ass'n of America*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original Complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[3] remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

---

[3] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.

**IT IS SO ORDERED.**

**DATED: February 6, 2017**

s/ STACI M. YANDLE
**U.S. District Judge**
