**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **KORDALE COTTON,** | ) | |
| **# Y-13092,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 17-cv-00033-SMY** |
| | ) | |
| **DR. LARSON** | ) | |
| **and GANG GERST,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

This matter is now before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Kordale Cotton on March 7, 2017. (Doc. 8). Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 against officials at Big Muddy River Correctional Center who allegedly denied him medical care for osteoid osteoma in his right finger and for sickle cell anemia. (Doc. 8, p. 7). The original Complaint (Doc. 1) did not survive screening under 28 U.S.C. § 1915A and was dismissed without prejudice on February 6, 2017. (Doc. 7). Plaintiff was granted leave to file a First Amended Complaint by March 6, 2017. *Id.*

Plaintiff filed a timely First Amended Complaint. However, it also does not survive screening. Under § 1915A, the Court is required to promptly screen prisoner complaints, including amended complaints, to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

1

## <u>Discussion</u>

Plaintiff's First Amended Complaint includes no allegations against the defendants in the statement of Plaintiff's claim.  (Doc. 8, p. 7).  In fact, Plaintiff fails to mention the defendants at all.  *Id*.  "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."  *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *Id*.

Additionally, to be held liable under § 1983, an "individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  In other words, Plaintiff must indicate what each defendant did to violate his constitutional rights.  He should set forth factual allegations that describe his efforts to notify each of the defendants, verbally or in writing, about his serious medical needs and each of their responses to his requests for treatment.

The First Amended Complaint also includes no request for relief as required by FED. R. CIV. P. 8(a)(3).  This relief may include monetary damages or injunctive relief -- Plaintiff has requested neither.  If Plaintiff wishes to proceed with this action, he must include his request for relief in a Second Amended Complaint.

For the above-stated reasons, the First Amended Complaint does not survive review under § 1915A, and it shall be dismissed.  However, the dismissal is without prejudice, and Plaintiff shall have one final opportunity to amend his complaint.  If he chooses to do so, Plaintiff must adhere to the deadline and instructions in the below disposition.  Failure to do so will result in dismissal of this action with prejudice.

**<u>Disposition</u>**

**IT IS HEREBY ORDERED** that Plaintiff's First Amended Complaint (Doc. 8) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted and for noncompliance with Rule 8(a)(3) of the Federal Rules of Civil Procedure.

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" **on or before April 10, 2017.** Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case will be dismissed with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Further, the Court will assess a "strike" against Plaintiff. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a Second Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and he should use the case number for *this* action (*i.e.* 17-cv-00033-SMY). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. He should *include only related claims* in his Second Amended Complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces all prior complaints, rendering them void. *See Flannery v. Recording Industry Ass'n of America*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is once again **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[1] remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 13, 2017**

s/ STACI M. YANDLE
**U.S. District Judge**

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.