IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KORDALE COTTON,                )
# Y-13092,                     )
                               )
          Plaintiff,     )
                               )
vs.                            )  Case No. 17-cv-00033-SMY
                               )
DR. LARSON                     )
and GANG GERST,                )
                               )
          Defendants.    )

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On January 12, 2017, Plaintiff Kordale Cotton filed this civil rights action pursuant to 42 U.S.C. § 1983 against officials at Big Muddy River Correctional Center who allegedly denied him medical care for osteoid osteoma in his right finger and for sickle cell anemia. (Doc. 1). The original Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed without prejudice on February 6, 2017. (Doc. 7). Plaintiff was granted leave to file a First Amended Complaint by March 6, 2017. *Id*.

Plaintiff filed a timely First Amended Complaint. (Doc. 8). On March 13, 2017, the Court dismissed it at screening for failure to state a claim upon which relief may be granted and for noncompliance with Rule 8(a)(3) of the Federal Rules of Civil Procedure. (Doc. 9, p. 3). The dismissal was without prejudice, and Plaintiff was given one final opportunity to re-plead his claims by filing a Second Amended Complaint on or before April 10, 2017. *Id*. Plaintiff was explicitly warned that "the entire case will be dismissed with prejudice" if he "fail[s] to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in th[e] Order." *Id*.

1

Plaintiff missed the deadline for filing his Second Amended Complaint. A week has passed since the deadline expired. The Court has received no communication from him, such as a request for an extension of the deadline. The Court will not allow this matter to continue lingering. Accordingly, this action shall be dismissed with prejudice based on Plaintiff's failure to comply with an Order of this Court (Doc. 9) and his failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, the dismissal will count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with this Court's Order dated March 13, 2017 (Doc. 9). *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The dismissal counts as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 3) remains pending and shall be addressed in a separate Order of this Court. However, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $400.00[1] remains due and payable, despite the dismissal of this action. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

---

[1] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 17, 2017**

                                                                     s/ Staci M. Yandle
                                                                     **District Judge**
                                                                     **United States District Judge**